IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| TODD BROWN, | |
|---|---|
| Petitioner | NO. 3:07-CV-48 (CDL) |
| VS. | |
| BILLY BROWN, | PROCEEDINGS UNDER 28 U.S.C. § 2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |
| Respondent | |

# RECOMMENDATION

Before the court is respondent BILLY BROWN'S MOTION TO DISMISS the above-styled habeas corpus action, which alleges that petitioner TODD BROWN is barred from filing the petition by the one year limitations period set forth in 28 U.S.C. §2244(d). Tab #8. Petitioner Brown has responded to the respondent's motion. Tab #12.

Section 2244(d) provides as follows:

> *(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*
>
> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Petitioner Brown is contesting the state's revocation of his sentence of probation. The respondent has shown that petitioner Brown's probation was revoked in an order dated November 15, 2002. The petitioner did not file an appeal of that revocation but did file a petition for state habeas corpus relief on September 25, 2003. Relief was denied, and on January 17, 2006, the Georgia Supreme Court denied the petitioner's certificate of probable cause to appeal the lower court's denial of his state petition.

Petitioner Brown filed the instant federal petition on April 19, 2007. Because the petitioner filed his federal action more than a year after exhausting his state remedies, it must be dismissed as untimely pursuant to §2244. Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 23rd day of JANUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE